IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| **ISLAND GREEN, LLC,** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | |
| v. | : | No. 09-0050 |
| | : | |
| **CARMEN BRYAN QUERRARD,** | : | |
| Individually and as the Executrix of | : | |
| the Estate of Joseph A. Bryan, et al., | : | |
| Defendants | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                      **March   27, 2013**

In this diversity case, Plaintiff Island Green, LLC, brought an action against thirteen heirs of Joseph A. Bryan, seeking a declaratory judgment and other injunctive relief concerning a parcel of land located on Inner Brass Island, a small island off the coast of St. Thomas.  I granted the defendants' motion to dismiss in its entirety.  Presuming to be the prevailing parties in this action, the defendants have filed a motion for attorney's fees pursuant to 5 V.I.C. § 541 and Federal Rule of Civil Procedure 54.  The defendants subsequently filed a motion to supplement their request for attorney's fees.  The plaintiff opposes both of the motions, arguing that the defendants cannot be considered to have prevailed under the circumstances here.  In the alternative, the plaintiff asks for a sizeable reduction of any award "to subtract work bill [sic] excessively or repeatedly, duplicative work, and secretarial tasks billed at attorneys' billing rates."  For the following reasons, I will grant the motion to supplement but will only partially grant the motion for attorney's fees.

In granting the defendants' motion to dismiss, I found that the plaintiff's complaint failed to comply with the procedural requirements of the Virgin Islands Probate Code, and was prematurely filed in light of the Code's provisions requiring notice to an estate of the nature of a claim and an opportunity for the Probate Court to consider and rule on the claim.  On appeal, the Third Circuit Court of Appeals affirmed my decision to the extent that the complaint set forth claims against the Estate of Joseph A. Bryan or persons acting on its behalf.  However, to the extent the complaint asserted claims against other persons or entities, the court vacated the decision and remanded it to give the plaintiff the opportunity to amend its pleadings and re-plead specifically what wrongful conduct was committed and by whom.  Accordingly, the court found that Counts I and II of the seven-count complaint were properly dismissed.[1]  Shortly thereafter, the plaintiff voluntarily dismissed the case without prejudice pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.

The Virgin Islands has authorized courts to award to any prevailing party in a civil action costs and fees the party incurred in prosecuting or defending the action.  See 5 V.I.C. § 541(b) (stating "there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or *defenses* thereto.")  The purpose of Section 541 is to indemnify the prevailing party, and "the policy behind the statute is that a party should not have to bear the legal expenses of demonstrating either that it is not at fault or that it

---

[1] The seven-count complaint also included claims of slander of title; defamation; intentional interference with business relations; abuse of process; and trespass and trespass by injury to trees, timber, and shrubs.

2

is the victim of another's fault." Bedford v. Pueblo Supermarkets of St. Thomas, Inc., 18 V.I. 275, 278 (D.V.I. 1981). Although the statute does not define the term "prevailing party," courts have found that a prevailing party under § 541 is "one in whose favor a decision or verdict is rendered and a judgment is entered." Melendez v. Rivera, 24 V.I. 63, 65 (Terr. Ct. 1988) (citing Ingvoldstad v. Kings Wharf Island Enters., Inc., 20 V.I. 314 (D.V.I. 1983), aff'd, 734 F.2d 5 (3d Cir. 1984)). I note that the term may also be construed more broadly. Id. The test is whether a party has achieved at least some of the benefits which were sought in the litigation, even if a judgment is not finally obtained. Id. For example, this court has found that where a case is resolved by stipulation or settlement, one party can still be a prevailing party within the meaning of § 541(b). Id. The decision whether to award fees is within the court's discretion. Jo-Ann Launder Ctr., Inc. v. Chase Manhattan Bank, N.A., 31 V.I. 226, 233 (D.V.I. 1995); see also Bedford, 18 V.I. at 277 ("Both the decision to make such an award and the amount to be awarded are within the court's discretion.")

    The plaintiff insists that the defendants have failed to satisfy their burden of showing that they are the prevailing parties for purposes of awarding attorney's fees. In support, the plaintiff has offered various arguments which are, at best, inapplicable here. The Code of the Virgin Islands provides for a court in its discretion to grant an award to a prevailing party as indemnification for that party's attorney's fees in maintaining its defenses in an action. Here, the defendants prepared and filed a motion to dismiss the complaint which I granted in its entirety. The Court of Appeals affirmed the dismissal of two out of seven counts. On remand, the plaintiff decided to voluntarily dismiss the case

3

rather than filing an amended complaint.  Contrary to the plaintiff's arguments, the defendants are the prevailing parties in Count I and Count II, and thus an award of attorney's fees is proper.

Further, the plaintiff argues that the defendants' motion to supplement the request for attorney's fees should be denied as untimely because the Federal Rules require a motion for attorney's fees to be filed no later than fourteen days after the entry of judgment.[2]  See Fed.R.Civ.P. 54(d)(2)(B).  The defendants timely filed their original motion for attorney's fees fourteen days after I granted their motion to dismiss.  I denied the motion for attorney's fees without prejudice to the defendants renewing the motion after the Court of Appeals for the Third Circuit resolved the plaintiff's appeal.  The defendants timely renewed their motion for attorney's fees fourteen days after the plaintiff voluntarily dismissed the action.  The Federal Rules of Civil Procedure do not place a time limit on a party's request to supplement an existing motion, and I find no other reason to place such a limit on that request.  Accordingly, because the motion for attorney's fees is timely, I will grant the defendants' motion to supplement the fee petition.

Once a court determines attorney's fees shall be awarded, it must then determine what constitutes a reasonable attorney's fee for a given matter.  The presumptively reasonable "lodestar" rate consists of the hours worked multiplied by a reasonable hourly

---

[2] The plaintiff requests an opportunity to present further argument in the event that I find that the motion to supplement is timely.  Further argument, however, would be neither necessary nor helpful to the court.  Accordingly, I will deny that request and dispose of these motions on the existing record.

4

rate.  Hensley v. Eckerhart, 461 U.S. 424, 432 (1983); Jo-Ann's Launder Ctr., at 234. After conducting this calculation, a court may then adjust the amount to "take into account any other relevant factors that are not already adequately represented in the lodestar calculation."  Equivest St. Thomas, Inc. v. Gov't of the V.I., 46 V.I. 447, 452 (D.V.I. 2004).  A court may also reduce a fee award if a bill includes an excessive amount of time to perform a task or contains duplicative entries.  Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp., 995 F.2d 414, 422 (3d Cir. 1993).

      In their original motion for fees and their motion to supplement, defense counsel claim that they worked 153 hours in this case at the reasonable rate of $275 per hour for a total fee of $42,079.  After full consideration of the record of the proceedings in this action, I find that this fee would be fair and reasonable if the defendants had prevailed on every count of the complaint.  Instead, the defendants prevailed on only two of the seven counts.  I am not persuaded by the defendants' contention that they are the prevailing parties in the entire case because the plaintiff decided to voluntarily dismiss the action as a result of the arguments the defendants presented throughout.  Accordingly, I find that it is more fair and reasonable to grant attorney's fees in the amount of $12,022.57, representing two-sevenths of the full amount claimed by defense counsel.

      An appropriate Order follows.